IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DELORES J. BURCHAM                                                                                    PLAINTIFF

v.                               CIVIL NO. 18-2052

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Deloris J. Burcham, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 23, 2015, alleging an inability to work since May 31, 2009, due to high blood pressure, anxiety, panic attacks, bone thinning (osteoporosis), muscle weakness and blackouts. (Tr. 57, 131). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 11, 138). An administrative hearing was held on August 2, 2016, at which Plaintiff, after being informed of her right to representation, testified without the assistance of a representative. (Tr. 25-55).

By written decision dated January 10, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.

1

13). Specifically, the ALJ found Plaintiff had the following severe impairments prior to her date last insured: anxiety. However, after reviewing all of the evidence presented, the ALJ determined that before the expiration of her insured status Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found prior to the expiration of her insured status Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional level but with the following nonexertional limitations: the claimant can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed. The Claimant can respond to supervision that is simple, direct and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined that through her date last insured Plaintiff could perform her past relevant work as a farm laborer and a hotel housekeeper. (Tr. 17). The ALJ further found that Plaintiff could also perform other work as a hand packager, a merchandise marker and a compact assembler. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 8, 2018. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Evidence Presented:**

At an administrative hearing held before the ALJ on August 2, 2016, Plaintiff, who was fifty-nine years of age, testified that she obtained a high school education. (Tr. 28). Plaintiff's

2

past relevant work consists of work as a farm laborer, a hotel housekeeper and a home health aide.  (Tr. 238).

The pertinent medical evidence before the ALJ during the relevant time period reflects the following.  On June 4, 2009, Plaintiff was seen by Dr. John R. Williams for a follow up for her anxiety.  (Tr. 349).  Plaintiff reported she had been fired from her job the previous day.  Plaintiff reported she was fired for not agreeing with her evaluation.  Plaintiff reported experiencing stress with her work arrangement.  Plaintiff was noted to be taking Prozac. After examining Plaintiff, Dr. Williams assessed Plaintiff with acute bronchitis and depression.  Dr. Williams opined that much of Plaintiff's depression was situational but her medication needed to be increased.

On June 15, 2009, Plaintiff was seen in the Cooper Clinic due to back and knee pain. (Tr. 257-261, 270-272).  Plaintiff reported that she was cleaning a jacuzzi at work on June 2nd, and fell.  Plaintiff reported that she had since been fired but was in for a workman's compensation evaluation.  Upon examination, Plaintiff was found to have full range of motion of the neck and moved all extremities well.  Plaintiff was able to squat with minimal difficulty with the left knee.  Plaintiff was assessed with left knee pain, thoracic back pain and low back pain.  Dr. Jason D. Richey recommended Plaintiff use anti-inflammatories and return in two weeks.

On June 30, 2009, Plaintiff was seen in the Cooper Clinic on a workman's compensation visit.  (Tr. 256). Treatment notes indicated Plaintiff fell in the lodge while cleaning and complained of back and knee pain.  Upon examination, Dr. Richey noted that Plaintiff moved all extremities well.  Plaintiff was assessed with thoracic back pain and left

3

knee pain. Plaintiff was to undergo physical therapy and return in three weeks. Plaintiff participated in physical therapy from July 1, 2009, through July 29, 2009. (Tr. 266-269).

On November 21, 2011, Plaintiff was seen by Dr. Thinh D. Nguyen for mental health treatment and her blood pressure. (Tr. 347-348). Plaintiff reported that she went to the emergency room two weeks ago after feeling dizzy upon standing. Plaintiff reported that her blood pressure was found to be high and she was placed on Ativan. Plaintiff reported that she did not feel more stress in her life but admitted she was an anxious person. Plaintiff reported she liked being on Ativan. Plaintiff also wanted to stop smoking. After examining Plaintiff, Dr. Nguyen assessed Plaintiff with depression with anxiety, current every day smoker and benign essential hypertension.

On December 5, 2011, Plaintiff was seen by Dr. Nguyen for a follow up appointment. (Tr. 346-347). Dr. Nguyen noted Plaintiff's blood pressure was asymptomatic and improved and her anxiety had decreased. Plaintiff's mood was improved and she was sleeping better.

On December 28, 2011, Plaintiff was seen by Dr. Nguyen for a medication follow up appointment. (Tr. 345-346). Plaintiff reported her anxiety had been stable on Ativan. After examining Plaintiff, Dr. Nguyen assessed Plaintiff with anxiety. Plaintiff was noted to have such severe anxiety that she would need to be on Ativan for a long period of time.

On February 20, 2012, Plaintiff was seen by Dr. Nguyen for a follow up for her blood pressure. (Tr. 343-345). Plaintiff reported that she began feeling shaky and nauseated about one week ago and checked her blood pressure and it was high. Plaintiff reported that she was told to increase her medication and her blood pressure went down. Dr. Nguyen noted Plaintiff had anxiety issues with panic attacks. Plaintiff reported her anxiety had been stable. After

examining Plaintiff, Dr. Nguyen assessed Plaintiff with anxiety, current every day smoker and benign essential hypertension.

On April 25, 2012, Plaintiff was seen for a follow up for her hypertension and a medication refill. (Tr. 342-343). Dr. Nguyen noted Plaintiff's report that she felt "ok." Plaintiff reported experiencing anxiety attacks about once a week and that they were under "ok" control. Dr. Nguyen assessed Plaintiff with anxiety, current every day smoker and benign essential hypertension.

On January 16, 2013, Plaintiff was seen by James P. Saunders, P.A., for a blood pressure follow-up. (Tr. 294, 341-342). Plaintiff also reported panic attacks and back and knee pain. Plaintiff reported her knees felt weak when she squatted. After examining Plaintiff, Mr. Saunders assessed Plaintiff with benign essential hypertension, lumbago, muscle weakness and anxiety.

On September 24, 2013, Plaintiff was seen by John Urban. (Tr. 340-341). Plaintiff reported she needed medication refills as she had not taken her anxiety medicine in two months. Plaintiff reported a bad anxiety attack the previous day. After examining Plaintiff, Mr. Urban assessed Plaintiff with benign essential hypertension and anxiety. Plaintiff's medications were renewed and she was encouraged to work out for thirty minutes at least five days a week.

On March 24, 2014, Plaintiff underwent a mental diagnostic evaluation performed by Dr. Patricia J. Walz. (Tr. 283-286). Plaintiff reported that she applied for disability due to aches and pains and the inability to sit for long periods. Plaintiff also reported panic attacks and that she could not leave her home if she was experiencing an attack. Plaintiff indicated she had never lost a job due to panic attacks but felt since losing her job the attacks had

increased. Plaintiff reported experiencing panic attacks for the past thirty years. Plaintiff denied feeling depressed. Plaintiff reported that she did not need help with activities of daily living but bathed less often due to the fear of falling. Plaintiff reported she was able to do chores but if she vacuumed or mopped it hurt her back. Plaintiff reported she spent time with her husband and visited with her grandchildren. Dr. Walz opined Plaintiff's intellectual functioning was in the low average to average range. Dr. Walz noted Plaintiff's attention and concentration were fair but would be extremely poor during a panic attack. Plaintiff persisted well but reported difficulty sustaining physical activity due to pain.

On April 8, 2014, Plaintiff underwent an internal medicine examination performed by Dr. Muhammad Shajaat. (Tr. 289-292). Plaintiff complained of panic attacks, high blood pressure, joint problems, back pain, and dizziness. (Tr. 289-292). Dr. Shajaat observed no muscle tenderness, no joint or spine tenderness, no rash and no joint swelling. Plaintiff exhibited no motor or sensory deficits and her gait and coordination were within normal limits. After examining Plaintiff, Dr. Shajaat assessed Plaintiff with depression, a history of panic attacks and hypertension.

On July 29, 2014, Plaintiff was seen by Lacey Freeman, APRN, for a check-up and medication check. (Tr. 339-340). Plaintiff also reported that she passed out the previous week and wanted to discuss the episode. Plaintiff reported she had passed out before due to low blood sugar. Plaintiff reported panic attacks for which she took medication. Nurse Freeman recommended Plaintiff see a psychiatrist and to follow up with Dr. Jacobs to have her Librium filled. Nurse Freeman noted the request had been denied twice already. Plaintiff was instructed to snack often to avoid episodes.

On September 4, 2014, Plaintiff was seen by Dr. John Jacobs. (Tr. 338-339). Upon examination, Plaintiff was found to have lower back tenderness to palpation. Plaintiff's mood was anxious. Plaintiff was encouraged to stop smoking. Plaintiff was assessed with arthralgias, current every day smoker, benign essential hypertension, depression, lumbago and anxiety.

On November 30, 2015, Dr. Sheri L. Simon, a non-examining medical consultant, completed a Mental RFC Assessment opining that prior to the date last insured Plaintiff was moderately limited in some areas of functioning. (Tr. 79-81). On the same date, Dr. Simon completed a Psychiatric Review Technique form opining that Plaintiff had moderate restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence and pace; and no episodes of decompensation, each of an extended duration. (Tr. 77-78).

On December 1, 2015, Dr. Brett Alberty, a non-examining medical consultant, opined that prior to the date last insured Plaintiff did not have a severe physical impairment. (Tr. 76-77).

### III. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and

work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

IV.   **Discussion:**

Plaintiff argues the following issue on appeal: 1) the ALJ failed to fully and fairly develop the record; 2) the ALJ erred in determining Plaintiff's severe impairments; 3) the ALJ erred in his Polaski analysis; and 4) the ALJ erred in determining Plaintiff's RFC.

   A.   **Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2014. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of May 31, 2009, her alleged onset date of disability, through December 31, 2014, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984).

   B.   **Full and Fair Development of the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th

9

Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of mental and physical RFC assessments completed by non-examining medical consultants, consultative physical and mental evaluations, and Plaintiff's medical records. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### C.  Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and

clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### D. Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff completed a Function Report indicating that she could take care of her personal needs, perform light household chores, shop in stores with someone, watch television, and talk on the telephone or visit in person. (Tr. 174-181). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities–making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

With respect to Plaintiff's alleged impairments, the record revealed that Plaintiff responded well to treatment and medication. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity prior to the expiration of her insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**E. ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own

descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform work at all exertional levels with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the examining and non-examining medical professionals. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### F.     Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the

performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the interrogatories of a vocational expert, who after reviewing the record, opined that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that prior to the expiration of her insured status Plaintiff could perform her past relevant work as a farm laborer and a hotel housekeeper, as well as, other work as a hand packager, a merchandise marker and a compact assembler.

## V. Conclusion:

Based on the foregoing, the Court recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of**

**our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 8th day of March 2019.

        /s/ *Erin L. Wiedemann*
        HON. ERIN L. WIEDEMANN
        UNITED STATES MAGISTRATE JUDGE